**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| CEDAR RAPIDS ELECTRICAL APPRENTICESHIP TRAINING AND EDUCATIONAL TRUST, a/k/a CEDAR RAPIDS ELECTRICAL JATC, | |
| Plaintiff, | No. 12-CV-2038-LRR |
| vs. | **ORDER** |
| RYAN JAMES ROTH, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Plaintiff Cedar Rapids Electrical Apprenticeship Training and Educational Trust's "Motion for the Entry of a Judgment" ("Motion for Default Judgment") (docket no. 9).

## II. PROCEDURAL HISTORY

On May 23, 2012, Plaintiff filed a Complaint (docket no. 2) requesting that the court enforce an arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9. On June 5, 2012, Defendant was served with a copy of the Summons and Complaint. *See* Proof of Service (docket no. 5). On July 5, 2012, Plaintiff filed a Motion for Default Entry (docket no. 7) for Defendant's failure to answer or otherwise respond to the Complaint. The Clerk of Court granted the Motion for Default Entry on July 6, 2012. *See* Default Entry (docket no. 8). On July 20, 2012, Plaintiff filed the Motion for Default Judgment.

## III. FACTUAL BACKGROUND

Defendant was a participant in Plaintiff's apprenticeship training program, which is an "employee welfare benefit plan" under Section 3(1) of the Employee Retirement

Income Security Act, 29 U.S.C. § 1002(1). As part of the program, Defendant executed five Scholarship Loan Agreements and Promissory Notes (collectively, "Agreements"). After four years, Defendant was terminated from the program. Defendant subsequently failed to make the required payments as set forth in the Agreements.

Pursuant to the terms of the Agreements, an arbitration proceeding commenced through the American Arbitration Association. All parties had an opportunity to present evidence during the arbitration proceeding; however, Defendant did not appear personally or through a representative and did not present a defense. On May 2, 2012, Arbitrator Stephen J. Holtman, Esq. issued an Award in favor of Plaintiff, stating:

1. [Defendant] shall pay to [Plaintiff] the sum of $2,500.00 plus 7.75% interest from September 21, 2007 with regard to the Scholarship Loan Agreement and Promissory Note dated September 21, 2007; $2,500.00 plus 5% interest from August 25, 2008 with regard to the Scholarship Loan Agreement and Promissory Note dated August 25, 2008; $2,500.00 plus 3.25% interest from August 27, 2009 with regard to the Scholarship Loan Agreement and Promissory Note dated August 27, 2009; $2,500 plus 3.25% interest from August 24, 2010 with regard to the Scholarship Loan Agreement and Promissory Note dated August 24, 2010; and $958.90 plus 3.25% interest from August 24, 2011 with regard to the Scholarship Loan Agreement and Promissory Note dated August 24, 2011.

2. In accordance with the Scholarship Loan Agreements referred to above, [Defendant] shall pay to [Plaintiff] the following:
   (a) Attorney's fees of $2,710.00;
   (b) $86.65 as reimbursement for other costs incurred in this Arbitration.

3. The administrative fees and expenses of the American Arbitration Association totaling $975.00, and the

> arbitrator compensation and expenses totaling $850.00
> shall be borne as incurred.

Arbitration Award, Plaintiff's Exhibit 7 (docket no. 2-8) at 1.

## IV.  ANALYSIS

### A.  Liability

The Clerk of Court entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).  "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Pursuant to Federal Rule of Civil Procedure 55(b), a default judgment may be entered as follows:

> (1)  By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2)  By the Court. In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>   (A)  conduct an accounting;
>   (B)  determine the amount of damages;
>   (C)  establish the truth of any allegation by evidence; or
>   (D)  investigate any other matter.

Fed. R. Civ. P. 55(b).

Because Defendant failed to answer or otherwise defend the action, he is deemed to have admitted the well-pleaded allegations of the Complaint.  *See Angelo Iafrate Const.,*

*L.L.C. v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988)). Consequently, Defendant's liability to Plaintiff is established. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint[,] except as to the amount of damages[,] are taken as true." (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216 at 85-96 (1958)). The Complaint alleges that Defendant failed to make payments pursuant to the Agreements and that Plaintiff initiated an arbitration proceeding pursuant to the Agreements to recover the outstanding payments. The Complaint further alleges that the arbitrator found in favor of Plaintiff and that Defendant has not paid Plaintiff the amount due under the Arbitration Award. For purposes of the instant Order, these allegations are established as true. *See id.*

### B. Damages

"'[W]hen a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.'" *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "'The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Sec.*, 183 F.3d at 155).

"[I]n civil litigation between private parties, a party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). A plaintiff must prove its damages by a

preponderance of the evidence. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming the district court's decision not to award damages after a default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence" (internal quotation marks omitted)). The court must afford the plaintiff all reasonable inferences from the evidence offered. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

A district court has the discretion to determine whether an evidentiary hearing is warranted. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment."); *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). An evidentiary hearing should be held unless a claim is for a "sum certain," meaning "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). The fact that a complaint makes a demand for a specific dollar amount is insufficient to make it a claim for a sum certain. *See id.* at 20 n.9. However, a court may establish damages "by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

After thoroughly reviewing the record, the court finds that Plaintiff's claim is for a sum certain and an evidentiary hearing is not warranted. *See KPS & Assocs.*, 318 F.3d at 19-20 (noting that sum certain claims "'include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof'" (quoting *Reynolds Sec., Inc. v. Underwriters Bank & Trust, Co.*, 378 N.E.2d 106, 109 (N.Y. 1978))). Plaintiff's attorney, Jennifer E. Germaine, avers that the arbitrator decided in favor of Plaintiff for the amounts listed above. Germaine further

avers that "the administrative fees and expenses of the American Arbitration Association totaling $975 and the arbitrator compensation and expenses totaling $850.00 were paid directly by Plaintiff . . . , as evidenced by the attached Financial History set forth in Exhibit 'A'." Affidavit in Support of Plaintiff's Motion for Default Judgment (docket no. 9-2) at 2. Additionally, Germaine avers that Plaintiff has incurred $350 in filing fees and $31.18 in service of process fees in the instant action. *See id*.

The court finds that Plaintiff has proven its damages by a preponderance of the evidence, and the court shall award Plaintiff the following amounts: (1) $10,958.90 in loan principal on the Agreements; (2) $2,710 in attorney's fees; (3) $86.65 in expenses incurred in the arbitration process; (4) $975 for costs incurred in bringing the arbitration proceeding; (5) $850 in arbitrator compensation and expenses; (6) $350 in court filing fees; and (7) $31.18 in service of process fees. Additionally, the court shall award Plaintiff interest on the loan principal amounts as stated in the Arbitration Award.

## V. CONCLUSION

In light of the foregoing, the Motion for Default Judgment (docket no. 9) is **GRANTED**. The Clerk of Court is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff Cedar Rapids Electrical Apprenticeship Training and Educational Trust and against Defendant Ryan James Roth in the amount of **$15,961.73**, plus interest on the loan principal amounts as stated in the Arbitration Award (docket no. 2-8).

**IT IS SO ORDERED**.

**DATED** this 24th day of October, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA